ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **RAFAEL OMAR BERMÚDEZ MODESTO** <br> PROMOVENTE(S)-RECURRENTE(S) <br><br><br> V. <br><br><br> **CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM)** <br> PROMOVIDA(S)-RECURRIDA(S) <br><br><br> **COMISIÓN APELATIVA DEL SERVICIO PÚBLICO (CASP)** <br> AGENCIA | **TA2026RA00021** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA* procedente del **CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM)** <br><br> Caso Núm. **SA-25-000337** <br><br> Sobre: Reclutamiento y Selección |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

## S E N T E N C I A

En San Juan, Puerto Rico, hoy día 28 de enero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **RAFAEL OMAR BERMÚDEZ MODESTO** (señor **BERMÚDEZ MODESTO**) mediante *Revisión de Decisión Administrativa* entablada el 12 de enero de 2026. En su petición, nos solicita que revisemos la *Resolución* decretada el 9 de diciembre de 2025 por el **CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM)**.[1] Mediante la aludida *Resolución*, en lo pertinente, se dispuso:

> "De las alegaciones del recurso interpuesto ante nos surge con claridad que la parte Promovente ostentaba un nombramiento con carácter transitorio cuya fecha de vigencia culminaba el 30 de junio de 2025. El referido nombramiento no fue renovado luego de expirada su vigencia. Una vez concluido el término de vigencia, la expectativa de continuidad o renovación de dicho nombramiento deja de existir, por lo cual carece de un interés de retención de este. Conforme establece la doctrina previamente

---

[1] Dicho dictamen administrativo fue notificado el 17 de diciembre de 2025. Apéndice de la *Revisión de Decisión Administrativa*, entrada núm. 1 y 2 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

reseñada, cuando expira un nombramiento transitorio el "empleado" carece de expectativa en que el mismo le sea renovado y la agencia no viene a demostrar justa causa para renovar el nombramiento".

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede prescindir de términos no jurisdiccionales y escritos, con el propósito de lograr su más justo y eficiente despacho.[2] En consideración a lo anterior, procedemos a disponer sin requerir ulterior trámite.

- I -

El 2 de septiembre de 2025, el señor **BERMÚDEZ MODESTO,** por derecho propio, presentó una *Solicitud de Apelación* ante la **COMISIÓN APELATIVA DEL SERVICIO PÚBLICO (CASP).** Impugnó la determinación del **CENTRO DE RECAUDACIONES DE INGRESOS MUNICIPALES (CRIM)** de no renovar su nombramiento, de carácter transitorio, como representante de servicios que le fuese notificada el 30 de junio de 2025.

En vista de estas circunstancias, el 29 de septiembre de 2025, el **CRIM** presentó su *Contestación a Apelación y en Solicitud de Desestimación por Fundamentos de Falta de Jurisdicción y Academicidad* conteniendo sus defensas afirmativas.[3] Sustentó que el señor **BERMÚDEZ MODESTO** había admitido que su nombramiento venció el 30 de junio de 2025 y su recurso fue instado el 2 de septiembre de 2025. Ante ello, afirmó que en conformidad con el Reglamento Procesal 7313 de la **CASP,** el señor **BERMÚDEZ MODESTO** ostentaba un plazo jurisdiccional de treinta (30) días para incoar su apelación. Ello implicaba que su recurso debía ser desestimado por falta de jurisdicción y por academicidad.

El 9 de diciembre de 2025, la **CASP** decretó la *Resolución* impugnada.

---

[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 15-16, 215 DPR ____ (2025)

[3] Apéndice de la *Revisión de Decisión Administrativa*, entrada núm. 7 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

En desacuerdo con dicha providencia, el 12 de enero de 2026, el señor **BERMÚDEZ MODESTO** acudió ante este foro revisor mediante *Revisión de Decisión Administrativa.*

- II -

### - A – PERFECCIONAMIENTO DE LOS RECURSOS ANTE EL TRIBUNAL DE APELACIONES

Nuestro ordenamiento jurídico reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior.[4] Empero, este derecho está sujeto a las limitaciones legales y reglamentarias pertinentes, entre ellas, su correcto perfeccionamiento. Los requisitos aplicables sobre el perfeccionamiento de un recurso de apelación o discrecionales están contenidos en el Reglamento del Tribunal de Apelaciones; la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003; y en las Reglas de Procedimiento Civil de 2009. El Tribunal Supremo ha establecido que los litigantes y/o representaciones legales deben observar rigurosamente las disposiciones reglamentarias sobre el perfeccionamiento de sus recursos dado a que su cumplimiento no puede quedar a su arbitrio.[5] Ello a los fines de que los tribunales revisores estén en posición de ejercer adecuadamente su función, toda vez que el incumplimiento de dichos mandatos impide tener de un expediente completo y claro para delimitar la controversia ante su consideración.[6]

Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo no adquiere jurisdicción para entender en el recurso presentado. El incumplimiento con los requerimientos establecidos en el Reglamento de un tribunal apelativo puede servir de fundamento para la desestimación del recurso.[7]

Más aún, el Alto Foro expresó que como regla general se suele desestimar recursos por tener apéndices incompletos cuando esa omisión no

---

[4] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).
[5] *Isleta v. Inversiones Isleta Marina, supra,* pág. 590; *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[6] Id.
[7] *Morán v. Martí,* 165 DPR 356 (2005).

permite penetrar en la controversia o constatar la *jurisdicción* del tribunal.[8]

Señaló que la política de acceso a la justicia contenida en la Ley de la Judicatura de 2003, no es sinónimo de anarquía, permitiendo el incumplimiento rutinario con las Reglas de Procedimiento Civil de 2009 y los Reglamentos de los tribunales.[9] Ciertamente, la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos, sin embargo, ello no supuso dar al traste con los **requisitos mínimos exigidos** para atender ordenadamente los recursos que se presentan ni mucho menos pretendió eliminar los términos jurisdiccionales. "Actuar en contravención de ello, es no apurar adecuadamente cual fue el verdadero alcance de la Ley de la Judicatura de 2003."[10] Como vemos, el incumplimiento con las Reglas de los tribunales apelativos puede impedir la revisión judicial.[11]

Además de lo anterior, la Regla 59 de nuestro Reglamento dispone todo lo relacionado al contenido que deberá tener todo recurso de revisión de decisión administrativa. A esos efectos, la precitada Regla, en lo pertinente, instituye lo siguiente:

> El escrito de revisión contendrá:
> (A) Cubierta
> [...]
> (C) Cuerpo
> (1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
> (a) En la comparecencia, el nombre de los recurrentes.
> (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.
> (c) **Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes**. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.
> [...]
> (d) **Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.**

---

[8] *Vázquez Figueroa v. E.L.A.*, 172 DPR 150 (2007).
[9] 4 LPRA § 24a. *Morán v. Martí, supra; Gran Vista I. v. Gutiérrez y otros*, 170 DPR 174 (2007).
[10] *Morán v. Martí, supra,* pág. 369.
[11] *Montañez Leduc v. Robinson Santana*, 198 DPR 543, 549-550 (2017).

(e) **Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida**.

(f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables**.

(g) La súplica.

(2) El recurso de revisión será el alegato de la parte recurrente. No se permitirá la presentación de un alegato o memorando de autoridades por separado. La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo de los recursos de revisión.

[...]

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.

[...]

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(d) **Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio*, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del apéndice no será causa de desestimación del recurso.

(3) El apéndice sólo contendrá copias de documentos que formen parte del expediente original ante el foro administrativo. Cuando la parte recurrente plantee como error la exclusión indebida de alguna prueba, incluirá en un apéndice separado copia de la prueba ofrecida y no admitida.

(4) Los documentos del apéndice se organizarán en orden cronológico. Si se trata de un expediente físico, todas las páginas se numerarán consecutivamente, Además, el apéndice contendrá un índice que indicará la página en que aparece cada documento. En el caso de expedientes electrónicos, el apéndice contendrá un índice que indicará la entrada del documento en el expediente. En tales circunstancias no será necesario volver a cargar los documentos que obran en el Tribunal de Primera Instancia. Los documentos que obran en el expediente electrónico deberán

citarse indicando el número de entrada (ejemplo: Ent. #123) y la(s) página(s) del documento al que hace referencia.

### - B – *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[12] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[13]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[14] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[15]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio"*.[16]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío),

---

[12] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.*, 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394 (2022).
[13] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[14] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267- 268 (2018).
[15] *FCPR v. ELA et al., supra; Cobra Acquisitions v. Mun. Yabucoa et al., supra; Allied Mgmt. Group v. Oriental Bank, supra,* págs. 386- 387; *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).
[16] *MCS Advantage v. Fossas Blanco et al.,* 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA,* 204 DPR 89, 101-102 (2020).

*"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[17] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[18]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[19]

- III –

El petitorio presentado por el señor **BERMÚDEZ MODESTO** incumple de forma crasa con los requisitos reglamentarios indispensables.[20] Además de carecer de una fiel y concisa relación de los hechos procesales y de los hechos importantes y pertinentes del caso; no se señala(n) de forma breve y conciso el error o los errores que a juicio del señor **BERMÚDEZ MODESTO** cometió la **COMISIÓN APELATIVA DEL SERVICIO PÚBLICO (CASP)**; ni se discute(n) el error o los errores señalado(s), incluyendo las disposiciones de ley y la jurisprudencia aplicable. Todo ello nos priva de *jurisdicción* para atender el caso en los méritos. Dada esta situación, procede la *desestimación* de la *Revisión de Decisión Administrativa*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por falta

---

[17] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873 (2007).

[18] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo, supra.*

[19] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116-118, 215 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico" y "(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto".*

[20] No surge que se haya presentado escrito alguno sobre reconsideración. Véase Regla 59(C) de nuestro Reglamento, *supra.*

de *jurisdicción* e incumplimiento craso de la Regla 59 del Reglamento del Tribunal de Apelaciones, la *Revisión de Decisión Administrativa* encausada el 12 de enero de 2026 por el señor RAFAEL OMAR BERMÚDEZ MODESTO; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones